IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 13-cv-00560-REB-MEH

ACE AMERICAN INSURANCE COMPANY,

      Plaintiff,

v.

DISH NETWORK, LLC,

      Defendant.

---

## ORDER GRANTING MOTION TO STAY

---

**Michael E. Hegarty, United States Magistrate Judge**.

      Before the Court is Defendant's Unopposed Motion for Temporary Stay and to Vacate Scheduling Conference Order [filed July 15, 2013; docket #30]. The motion is referred to this Court for disposition (docket #31). For the following reasons, the Court **GRANTS** the unopposed motion.

**I.      Background**

      Plaintiff initiated this action for declaratory judgment on March 4, 2013. Plaintiff then filed an Amended Complaint as a matter of course on May 3, 2013, seeking a determination that it has no obligation to pay expenses incurred in the defense of underlying lawsuits pursuant to applicable insurance policies. (Docket #12.) Defendant responded to the Amended Complaint by filing a Motion to Dismiss for this Court's lack of jurisdiction on June 21, 2013, arguing that the action fails to present an "actual controversy." (Docket #22.)

      Meanwhile, this Court set the matter for a Scheduling Conference to be held on July 31, 2013. The parties have not yet engaged in discovery or participated in the discovery planning conference pursuant to Fed. R. Civ. P. 26(f).

## II.     Discussion

The decision to stay discovery rests within the sound discretion of the trial court. *Wang v. Hsu*, 919 F.2d 130, 130 (10th Cir. 1990).  The Federal Rules of Civil Procedure do not expressly provide for a stay of proceedings; however, Rule 26(c) does permit the court, upon a showing of good cause, to "protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c).  A stay of all discovery is generally disfavored in this district. *Chavez v. Young Am. Ins. Co.*, No. 06-cv-02419-PSF-BNB, 2007 WL 683973, at *2 (D. Colo. Mar. 2, 2007).  However, as this Court has stated previously, "good cause may exist to stay discovery if a dispositive motion has been filed that could resolve the case and a stay does not unduly prejudice the opposing party." *Namoko v. Milgard Mfg., Inc.*, No. 06-cv-02031-WDM-MEH, 2007 WL 1063564, at *1 (D. Colo. Apr. 6, 2007).

Typically, in evaluating a request for a stay of discovery, the following five factors guide the Court's determination:

> (1) plaintiff's interests in proceeding expeditiously with the civil action and the potential prejudice to plaintiff of a delay; (2) the burden on the defendants; (3) the convenience to the court; (4) the interests of persons not parties to the civil litigation; and (5) the public interest.

*String Cheese Incident, LLC v. Stylus Shows, Inc.*, No. 02-cv-01934-LTB-PAC, 2006 WL 894955 at *2 (D. Colo. Mar. 30, 2006); *see also Golden Quality Ice Cream Co. v. Deerfield Speciality Papers, Inc.*, 87 F.R.D. 53, 56 (E.D. Pa. 1980).

A balance of these factors favors a temporary stay in this case.  The Plaintiff does not oppose Defendant's motion for a stay to avoid any unnecessary burdens and/or costs of discovery should the pending Motion to Dismiss be granted and the case closed.  While the Court typically discourages stays of discovery, the Court acknowledges the efficiency and fairness of delaying the

2

proceedings at this early stage of the litigation pending resolution of a motion to dismiss that could resolve this matter in its entirety.  *See Harris v. United States*, No. 09-cv-02658-PAB-KLM, 2010 WL 1687915, at *1 (D. Colo. Apr. 27, 2010) ("[n]either [the Court's] nor the parties' time is well-served by being involved in the 'struggle over the substance of the suit' when, as here, a dispositive motion is pending.") (citations omitted).  "A stay of discovery pending the determination of a dispositive motion 'is an eminently logical means to prevent wasting the time and effort of all concerned, and to make the most efficient use of judicial resources.'" *Chavous v. Dist. of Columbia Fin. Responsibility & Mgmt. Assistance Auth.*, 201 F.R.D. 1, 2 (D.D.C. 2001) (citation omitted).

Therefore, as the pending Motion to Dismiss concerns the threshold issue of subject matter jurisdiction and may resolve this matter in its entirety, the Court finds good cause exists to impose a temporary stay until the District Court rules on the pending Motion to Dismiss.

### III.   Conclusion

Accordingly, for the reasons stated above, the Court **GRANTS** the Defendant's Unopposed Motion for Temporary Stay and to Vacate Scheduling Conference Order [filed July 15, 2013; docket #30].  This matter is hereby **STAYED** pending further order of the Court.  The Scheduling Conference currently set in this case for July 31, 2013 is **vacated**.  The parties shall file a status report with the Court  within ***five business days*** of the District Court's ruling on Defendant's pending Motion to Dismiss indicating what, if any, scheduling may be needed.

Dated at Denver, Colorado, this 16th day of July, 2013.

BY THE COURT:

*Michael E. Hegarty*

Michael E. Hegarty
United States Magistrate Judge