**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn**

Civil Action No. 13-cv-00560-REB-MEH

ACE AMERICAN INSURANCE COMPANY,

    Plaintiff,

v.

DISH NETWORK, LLC,

    Defendant.

---

**ORDER DENYING MOTION TO WITHDRAW & CERTIFY
AND ADOPTING RECOMMENDATION OF
UNITED STATES MAGISTRATE JUDGE**

---

**Blackburn, J.**

This matter is before me on the following: (1) the **Combined Motion and Memorandum of Dish Network L.L.C. In Support of its Motion To Dismiss This Action** [#22][1] filed June 21, 2013; (2) the **Recommendation of United States Magistrate Judge** [#34] filed August 13, 2013; and (3) the **Combined Motion and Memorandum of Dish Network L.L.C. To Withdraw its Motion To Dismiss [#22], Certify Questions To the Supreme Court of Colorado and To Stay Proceedings In This Case** [#41] filed December 6, 2013.  The defendant, Dish Network L.L.C., filed objections [#35] to the recommendation.  The plaintiff, ACE American Insurance Company, filed a response [#36] to the objections, and the defendant filed a reply [#37].  The plaintiff filed a response [#42] to the motion to withdraw and certify, and the

---

[1] "[#22]" is an example of the convention I use to identify the docket number assigned to a specific paper by the court's case management and electronic case filing system (CM/ECF). I use this convention throughout this order.

defendant filed a reply [#43].

As required by 28 U.S.C. § 636(b), I have reviewed *de novo* all portions of the recommendation to which objections have been filed. I have considered carefully the recommendation, objections, and applicable caselaw. I approve and adopt the recommendation [#34], grant the motion to dismiss [#22] in part and deny it in part, and deny the motion to withdraw and certify [#41] .

## BACKGROUND

This case is a declaratory judgment action filed by ACE American Insurance Company. ACE seeks declaratory judgments concerning its obligation to provide for the defense of Dish in two underlying lawsuits. In the first underlying lawsuit, the United States and four individual states allege that Dish has violated federal and state laws regulating telemarketing, including the Telemarketing Act and the Telephone Consumer Protection Act (TCPA).[2] In the second underlying lawsuit, Matthew Donaca alleges that Dish violated the Telephone Consumer Protection Act and FCC regulations.[3] Dish sought insurance coverage from ACE for the defense of Dish in these two lawsuits.

In the present case, ACE seeks declaratory judgments essentially declaring that ACE has no duty to defend or to indemnify Dish with respect to the two underlying lawsuits. In its motion to dismiss, Dish contends ACE cannot demonstrate the existence of an actual controversy concerning Count One of the amended complaint [#12] because ACE and Dish agreed four years ago about which claims in the USA Lawsuit are covered under the insurance policies in question. Addressing Count Two of the amended complaint [#12], Dish argues that ACE cannot demonstrate the existence

---

[2] . I refer to this lawsuit as the USA Lawsuit.

[3] I refer to this lawsuit as the Donca Lawsuit.

of an actual controversy because once ACE denied coverage for the Donaca Lawsuit, Dish determined no longer to pursue coverage from ACE for the Donaca Lawsuit.

Addressing Count One, ACE contends that there remains an active dispute about coverage for the USA Lawsuit and that, therefore, there is an actual controversy presented in Count One.  Specifically, ACE asserts that it has no obligation to pay fines, penalties, punitive damages, and the cost of injunctive relief for any alleged violations of the TCPA.  In addition, ACE contends that coverage is not due for claims made by individual states until Dish demonstrates that it has satisfied fully its multiple deductible obligations under each policy for each of the four state claimants.  According to ACE, Dish contends that two of the policies in question provide full coverage for TCPA violations and that Dish has satisfied fully its deductible obligations.   Addressing Count Two,  ACE contends that because Dish no longer claims coverage for the Donaca Lawsuit, ACE is entitled to a declaration of no coverage for that suit.

## ANALYSIS

### A.  Motion To Withdraw & Certify

I address first the motion of Dish to withdraw its pending motion to dismiss, which is addressed in the recommendation, and to certify two questions of law to the Colorado Supreme Court.  Dish contends the insurance coverage issues raised in Count One are the subject of two other cases also involving Dish and its insurers.  These two other cases concern policies issued by Arch Specialty Insurance Co. and Travelers Property and Casualty Company of America.  The Arch case was filed in this court and now is on appeal to the United States Court of Appeals for the Tenth Circuit.  The Travelers case is pending in the United States District Court for the Central District of Illinois but, according to Dish, Travelers argues for the application of Colorado law in that case.

According to Dish, the Arch case, the Travelers case, and the present case each raise three state law insurance coverage questions:

    1.  Do claims asserted against Dish under the TCPA and other similar state and federal laws fall potentially within the coverage given in Dish's commercial general liability insurance policies?

    2.  Are the remedies sought by the plaintiffs in the USA Lawsuit insurable?

    3.  Do the allegations against Dish fall solely and entirely within the Insured's Business Exclusion, eliminating any potential coverage under Dish's commercial general liability insurance policies?

Absent controlling precedent from the Colorado Supreme Court on these questions, Dish contends, the first two questions should be certified to the Colorado Supreme Court. The third question, Dish notes, currently is before the Tenth Circuit in the Arch case.

Colorado Appellate Rule 21.1 permits a federal court to certify a question of Colorado law to the Colorado Supreme Court. The question must be involved in a case before a federal court and must be potentially determinative in that case. In addition, the decisions of the Colorado Supreme Court must not provide controlling precedent on the question at issue. However,

> certification is not to be routinely invoked whenever a federal court is presented with an unsettled question of state law. Absent some recognized public policy or defined principle guiding the exercise of the jurisdiction conferred, federal courts bear a duty to decide questions of state law when necessary to render a judgment. Indeed, under the diversity statutes the federal courts have the duty to decide questions of state law even if difficult or uncertain. Thus, we apply judgment and restraint before certifying, and will not trouble our sister state courts every time an arguably unsettled question of state law comes across our desks. When we see a reasonably clear and principled course, we will seek to follow it ourselves.

*Colony Ins. Co. v. Burke*, 698 F.3d 1222, 1235 (10th Cir. 2012) (internal citations and quotations omitted).

The questions proposed for certification by Dish are, in essence, insurance coverage questions which require interpretation of the language of insurance policies as applicable to particular allegations and claims asserted against Dish in the complaints in the underlying lawsuits. In federal court, such exercises are routine rather than unusual. It may be that the Colorado Supreme Court has not issued opinions that constitute controlling precedent on the specific insurance coverage issues presented in the amended complaint [#12], but there is a well-developed body of Colorado law on interpretation of contracts, including insurance policies. That law provides a reasonably clear and principled course to the resolution of the issues raised in this case. Thus, it is not appropriate to certify to the Colorado Supreme Court the two questions for which Dish seeks certification. Accordingly, there is no valid basis to permit Dish to withdraw its motion to dismiss. Therefore, the motion of Dish to withdraw its motion to dismiss and to certify questions to the Colorado Supreme Court will be denied.

### B. Count Two

I address first the motion to dismiss as it applies to Count Two of the amended complaint. As the magistrate judge notes,

> "(i)t is well established that what makes a declaratory judgment action a proper judicial resolution of a case or controversy rather than an advisory opinion is the settling of some dispute which affects the behavior of the **defendant toward the plaintiff**." ***Jordan v. Sosa***, 654 F.3d 1012, 1025 (10th Cir. 2011) (emphasis in original) (citations omitted). In other words, "where a plaintiff seeks a declaratory judgment against his opponent, he must assert a claim for relief that, if granted, would affect the behavior of the particular parties listed in his complaint." ***Id***.

*Recommendation* [#34], p. 13.

Relying on a declaration submitted by Dish in support of its motion to dismiss, the magistrate judge takes Dish at its word when Dish represents that "Dish Network is not

5

challenging ACE's denial of coverage in the *Donca Lawsuit*." *Id*. (citing *Declaration of Jenny Palasz* [#22-1] filed June 18, 2013, ¶¶ 7, 8. Based on this sworn statement, the magistrate judge concludes that ACE has not demonstrated the existence of an actual case or controversy with regard to coverage under the ACE policies for the Donca Lawsuit. I concur. Dish does not claim an entitlement to coverage for the Donca lawsuit under an ACE policy. Given that fact, a judgment declaring that there is no such coverage under an ACE policy would not change or affect the behavior of Dish toward ACE.

Absent a case or controversy, this court does not have subject matter jurisdiction over the claim asserted in Count Two. **United States v. Wilson**, 244 F.3d 1208, 1213 (10th Cir.2001) ("Under Article III of the Constitution, federal courts have subject matter jurisdiction only over 'cases and controversies.'"). The Uniform Declaratory Judgment Act incorporates the case or controversy requirement. 28 U.S.C. § 2201. Thus, Count Two must be dismissed for lack of subject matter jurisdiction.

### C.  Count One

Addressing the motion to dismiss as it applies to Count One of the amended complaint, the magistrate judge concludes that Count One presents a live case or controversy. Noting that federal courts have discretion to exercise jurisdiction under the declaratory judgment act when an actual case or controversy is present, the magistrate judge provides a detailed analysis of the factors which guide the exercise of that discretion. Based on that thorough analysis, the magistrate judge recommends that this court exercise its discretion to hear the controversy presented in Count One and deny the motion to dismiss Count One. I concur with the analysis of the magistrate judge.

**THEREFORE, IT IS ORDERED** as follows:

1. That the **Combined Motion and Memorandum of Dish Network L.L.C. To Withdraw its Motion To Dismiss [#22], Certify Questions To the Supreme Court of Colorado and To Stay Proceedings In This Case** [#41] filed December 6, 2013, is **DENIED**;

2. That the **Recommendation of United States Magistrate Judge** [#34] filed August 13, 2013, is **APPROVED** and **ADOPTED** as an order of this court;

3. That the objections [#35] to the recommendation filed by the defendant are **OVERRULED**; and

4. That under FED. R. CIV. P. 121(b)(1), the **Combined Motion and Memorandum of Dish Network L.L.C. In Support of its Motion To Dismiss This Action** [#22] filed June 21, 2013, is **GRANTED** in part and **DENIED** in part:

   A. That under FED. R. CIV. P. 121(b)(1), the claim asserted in Count Two of the **Amended Complaint for Declaratory Judgment** [#12] filed May 3, 2013, is **DISMISSED** for lack of subject matter jurisdiction; and

   B. That otherwise, the **Combined Motion and Memorandum of Dish Network L.L.C. In Support of its Motion To Dismiss This Action** [#22] filed June 21, 2013, is **DENIED**.

Dated March 3, 2014, at Denver, Colorado.

                                                **BY THE COURT:**

*/s/ Robert E. Blackburn*
Robert E. Blackburn
United States District Judge