**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

Case No. 13-cv-00560-REB-MEH

ACE AMERICAN INSURANCE COMPANY,

      Plaintiff,

v.

DISH NETWORK, LLC,

      Defendant.

**STIPULATED PROTECTIVE ORDER**

Based upon the Stipulation and Joint Motion for Protective Order (# 65, filed January 29, 2015) of the parties, and the Court being duly advised;

**IT IS HEREBY ORDERED**:

**1. Scope**.  This Confidentiality and Protective Order ("'Protective Order") shall govern discovery in this action and shall be applicable to all information provided, produced or obtained, whether formally or informally, in the course of discovery in this action, including, without limitation, information provided, produced or obtained in or through any depositions, interrogatory response, response to a request for admission, and any document or thing provided or made available for inspection and/or copying (collectively "document, thing or testimony").  As used herein, the term "document" shall include all forms of information delineated in Fed. R. Civ. P. 34(a).  Nothing contained in

this Protective Order shall be construed to require production of Protected Information which is privileged or otherwise protected from discovery.

**2. Protected Information**.  Any person or entity, whether a party or a nonparty, and whether acting on its own or through counsel (hereafter "person"), which is participating in discovery in this action may designate any document, thing or testimony CONFIDENTIAL, thereby causing it to be "Protected Information," so long as such person reasonably believes that such document, thing or testimony contains or discloses, respectively, information justifying a CONFIDENTIAL designation. CONFIDENTIAL information is:

(a) Proprietary information or specifications;

(b) Trade secrets; and

(c) Proprietary business and financial information and any other information, the public disclosure of which is likely to have the effect of causing substantial harm to the competitive position of the person from which the information is obtained, or causing substantial harm resulting from the disclosure of confidential information.

**3. Procedure For Designating Documents**.  Any person desiring to subject the information contained or disclosed in any document (including, without limitation, any document responsive to a Rule 34 request or to a Rule 45 subpoena, answers to interrogatories and responses to requests for admission) delivered to or served on any party to the confidentiality provisions of this Protective Order must designate such document CONFIDENTIAL in the manner provided herein, unless the parties agree to an alternative procedure.  Any document delivered to or served on any party may be

designated CONFIDENTIAL by affixing the legend "CONFIDENTIAL" to every page of the document.  All correspondence, legal memoranda, motion papers, pleadings and other written material which quote or disclose the substance of any Protected Information shall also be treated as such in accordance with the provisions of this Protective Order, and such documents shall be marked in accordance with this paragraph.

**4. Inadvertent Failure To Designate**.  If a party, through inadvertence, produces any CONFIDENTIAL information without labeling or marking or otherwise designating it as such in accordance with the provisions of this Protective Order, the designating party may give written notice to the receiving party that the document or thing produced is deemed Protected Information and should be treated as such in accordance with the provisions of this Protective Order.  The receiving party must treat such documents and things as Protected Information from the date such notice is received.  Disclosure of such Protected Information, prior to the receipt of such notice, to persons not authorized to receive Protected Information shall not be deemed a violation of this Protective Order.

**5. Procedure For Designating Deposition Testimony**.  If any person believes that Protected Information belonging to it has been or may be disclosed in the course of any deposition (whether through any question, answer, colloquy and/or exhibit), then such person may designate the deposition, portion thereof, or exhibit as CONFIDENTIAL by (a) stating on the record of the deposition that such deposition, portion thereof, or exhibit is CONFIDENTIAL, or by (b) stating in a writing served on

counsel for the other party, or in the case of testimony given by a third party pursuant to a subpoena, up to thirty (30) days after receipt of such deposition transcript by the designating person that such deposition, portion thereof, or exhibit is CONFIDENTIAL. Where a claim of confidentiality is made at any deposition, all persons in attendance who, by virtue of the terms of this Protective Order, do not have access to such Protected Information shall be excluded from attendance at the portion or portions of the deposition at which such Protected Information will be or might be disclosed. If any of the depositions, portions thereof, or exhibits are designated as CONFIDENTIAL, then all originals, copies and synopses thereof, shall be marked in accordance with this Protective Order.

**6. Restrictions on Use and Disclosure of Protected Information**. All Protected Information obtained on behalf of a party from any person through discovery in this lawsuit, and any summaries, abstracts, or indices thereof, shall be used by the persons who receive such information ("Recipients") solely for the preparation and trial of this lawsuit (including appeals) and for no other purpose whatsoever. Unless otherwise authorized by the designating person or ordered by this Court, Recipients shall not make Protected Information public, shall not use Protected Information in any other civil action, and shall not disclose or divulge Protected Information to anyone except as permitted in this Protective Order.

**7. Permitted Disclosure of Confidential Information**. Any information which has been designated as Protected Information in accordance with this Protective Order may be disclosed to:

(a) Attorneys of the law firms which are then of record for the party requesting the Protected Information;

(b) Any outside expert or consultant for each party;

(c) Employees, officers, agents and/or directors of each party;

(d) Persons or entities to whom a party in this action has a contractual, legal or regulatory obligation to provide CONFIDENTIAL information, including reinsurers, reinsurance intermediaries, retrocessionaires, regulators, retrocessionary accountants and auditors of any party to this action;

(e) Law clerks, paralegals, stenographic, support and clerical employees of the persons identified in subsections 7(a)-(d) hereof whose functions require them to have access to the Protected Information;

(f) The officers, directors, or employees of the party producing the Protected Information or of the person designating the Protected Information;

(g) Deponents, witnesses and former employees, provided that such individuals shall not be allowed to retain Protected Information, but may inspect it as necessary for purposes of preparation for examination;

(h) With respect to any particular document designated as Protected Information, any person who is named on the face of such document as having been its author or one of its recipients, or who appears from other documents or testimony to have been a recipient of such document;

(i) The Court before which this case is pending, including court personnel who are authorized by the Judges and the Magistrate Judges of this District to review such information;

(j) Any stenographer, videographer or court reporter present in his or her official capacity at any hearing, deposition, or other proceeding in this case; and

(k) Any person authorized in writing by the party designating Protected Information to receive that Protected Information from the party requesting the Protected Information.

**8. Filing Under Seal**. In the event Confidential Information is used in any court filing or proceeding in this action, including but not limited to its use at trial, it shall not lose its confidential status as between the Parties through such use. Confidential Information and pleadings or briefs quoting or discussing Confidential Information will not be accepted for filing "under seal" or otherwise kept out of the public record in this action, however, except by court order issued upon motion of the Party seeking to file the documents under seal. Any motion requesting leave to file documents under seal shall comply with the requirements of D.C. COLO.LCivR 7.2 and demonstrate that the Confidential Information at issue is entitled to protection under the standards articulated in *Nixon v. Warner Communications, Inc., supra, Crystal Grower's Corp. v. Dobbins, supra*, and *Mann v. Boatright, supra.*

**9. Disclosure at Trial**. Disclosure of Protected Information at trial shall otherwise be governed by further order of the Court.

**10. Designation Not Conclusive**.  The designation of any document, thing or testimony as CONFIDENTIAL is intended solely to facilitate preparation for trial, and the treatment of any document, thing or testimony designated as such shall not be construed as an admission or an agreement that the designated document, thing or testimony contains or discloses any trade secret or confidential information in contemplation of law.  No person shall be obligated to challenge the propriety of any such designation, and any failure to do so shall not preclude a subsequent attack on the propriety of any CONFIDENTIAL designation.

**11. Relief Available**.  In the event the party receiving Protected Information disagrees with the Confidential designation of that information, the receiving party shall notify the designating party in writing, reasonably identifying Protected Information to which the objection is made.  The designating party must then immediately contact the receiving party and arrange to meet and confer with the receiving party within ten (10) court days from the receipt of the objection, at which conference counsel for the parties shall endeavor in good faith to resolve their dispute on an informal basis before presenting the matter to the Court for resolution.  In the event the designating party fails to contact the receiving party and to meet and confer within ten (10) days from the receipt of the objection, the information designated as CONFIDENTIAL shall no longer be considered Protected Information.  In the event the parties are unable to resolve their dispute on an informal basis, the designating party shall file a motion with the Court within ten (10) court days of the informal resolution conference, seeking to preserve the confidentiality of any such information and must make the showing required by Federal

Rule of Civil Procedure 26, D.C. COLO.LCivR 7.2, *Nixon v. Warner Communications, Inc., supra, Crystal Grower's Corp. v. Dobbins, supra*, and *Mann v. Boatright, supra.*, in order to maintain the confidentiality of the information at issue. The designating party must further assess whether redaction is a viable alternative to complete non-disclosure. In the event the designating party fails to file a motion to maintain the confidentiality of any such information within ten (10) days from the informal resolution conference, the information at issue designated as CONFIDENTIAL shall no longer be considered Protected Information. Any party hereto may seek relief from, or modification of, this Protective Order, and may challenge the designation of any document, thing or testimony as CONFIDENTIAL.

**12. Procedure Upon Termination of Action**. Within sixty (60) days of the final determination of this action, including all appeals, and unless otherwise agreed to in writing by counsel, each party shall (a) return to the designating party any original documents and things constituting Protected Information produced by the designating party, and (b) either certify in writing that the remaining copies of such documents and things have been destroyed, will be retained as Protected Information and destroyed in the normal course of business, or return them to the designating party, such election to be made by the receiving party. Notwithstanding the foregoing, (a) the attorneys of record for each party may retain all pleadings, briefs, memoranda, motions, and other documents containing their work product which refer to or incorporate Protected Information and will continue to be bound by the terms of this Protective Order with respect to all such retained information, and (b) any insurance company party or person

may retain all Protected Information received and all pleadings, briefs, memoranda, motions, and other documents containing work product which refer to or incorporate Protected Information for so long as is necessary to comply with applicable regulatory record retention requirements, and will continue to be bound by the terms of this Protective Order with respect to all such retained information.

**13. Privileged Information**.  Nothing contained in this Protective Order shall be construed to require production of Protected Information which is privileged or otherwise protected from discovery.  If a party, through inadvertence, produces any document or information that it believes is immune from discovery pursuant to the attorney-client privilege and/or the work product privilege, such production shall not be deemed a waiver of a privilege, and the producing party may give written notice to the receiving party that the document or information produced is deemed privileged and that return of the document or information is requested.  Upon receipt of such written notice, the receiving party shall immediately gather the original and all copies of the document or information of which the receiving party is aware and shall immediately return the original and all such copies to the producing party.  The return of the document(s) and/or information to the producing party shall not preclude the receiving party from later moving the Court to compel production of the returned documents and/or information.

**14. Transmission of Protected Information**.  Nothing in this Protective Order shall prohibit the transmission or communication of Protected Information by hand delivery; face-to-face conference; in sealed envelopes or containers via the mails or an

established freight, delivery or messenger service; or by telephone, telegram, facsimile or other electronic transmission system if under the circumstances, there is no reasonable likelihood that the transmission will be intercepted and misused.

**15. No Restriction On Use Of Party's Own Documents and Documents Obtained From Other Sources**.  Nothing in this Protective Order shall prevent any party from using or disclosing its own documents, or from the use or disclosure of any non-privileged document or information which such party may have acquired outside of the discovery process in this action.  Nothing in this Confidentiality Order restricts or limits the use or disclosure of Protected Information by the producing party of such material or by any receiving party who obtains identical material from outside the discovery process in this Action.

**16. Procedure for Compulsory Process.**  If a party in possession of Protected Information obtained from a producing party in this Action receives a subpoena or other form of compulsory process from a non-party to this Action seeking production or other disclosure of such information, it shall immediately give written notice to the appropriate producing party, specifying the information sought and enclosing a copy of the subpoena or other form of compulsory process, and shall proceed in a good faith manner consistent with affording the producing party the opportunity to timely object, intervene or otherwise have its interests heard and protected with respect to such subpoena or process.

**17. Reservation of Rights.**  Nothing contained in this Protective Order shall constitute:  (a) an agreement by the Parties to produce any documents or supply any

information or testimony in discovery not otherwise agreed upon, or required by Rules of Court or by Court Order; (b) a waiver by any person or Party of any right to object to or seek a further protective order with respect to any discovery request in this or in any other action; (c) a waiver of any claim of attorney-client privilege, work product immunity, joint defense privilege, or any other applicable privilege, immunity or protection with regard to any testimony, documents or information; (d) a waiver by any Party of its right to apply to the Court for an order designed to preserve the confidentiality of its Protected Information at trial; or (e) an admission that any particular document is or is not admissible into evidence in this case.

Dated at Denver, Colorado this 2nd day of February, 2015.

BY THE COURT:

*Michael E. Hegarty*

Michael E. Hegarty
United States Magistrate Judge