IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 13-cv-00560-REB-MEH

ACE AMERICAN INSURANCE COMPANY,

    Plaintiff,

v.

DISH NETWORK, LLC,

    Defendant.

_____

**RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE**
_____

**Michael E. Hegarty, United States Magistrate Judge**.

Before the Court is a Joint Motion to Bifurcate Pursuant to FRCP 42(b) [filed January 29, 2015; docket # 69]. The Motion was referred to me by District Judge Robert Blackburn. Although this Motion could be viewed as "non-dispositive" and, thus, amenable to an Order by me rather than a Recommendation, the relief sought by the parties uniquely implicates Judge Blackburn's trial schedule and utilization of his chamber's resources. My opinion also involves denial of the parties' request in a situation in which they contend this result will require them to expend significantly more resources than if I came to the contrary conclusion. Therefore, I believe it best to proceed by recommendation and allow the parties to respond to my comments, leaving the ultimate decision to Judge Blackburn.

This is a declaratory judgment action by the Plaintiff insurance company seeking a determination that it has no duty to defend and, concomitantly, no duty to indemnify the Defendant insured in an underlying lawsuit, an action in the District of Illinois that is still ongoing. The Plaintiff is currently paying some, but not all requested defense costs in the underlying litigation.

The parties seek to litigate the duty to defend at this time and defer discovery and determination of the duty to indemnify. The parties assert that the two proposed phases "involve distinctly different evidence . . . , witnesses, and legal issues." Motion at p.4. Significantly, the parties reference the possibility that completion of the first proposed phase "may be wholly dispositive of this case, or significantly narrow the issues for Phase II." *Id.* The parties also cite cases purportedly favoring bifurcation in this action; however, none of those cases concerned bifurcating the contractual duty to defend from the contractual duty to indemnify.

Under the present circumstances, I do not believe bifurcation would be the most efficient manner in which to administer this case. First, the case is nearly two years old. The parties seek a schedule that would have dispositive motions briefed by late August 2015 (Docket #70 at 4). Given the likelihood that this would result in lengthy, cross-motions for summary judgment, a decision could not be reasonably expected before early 2016. If the District Court finds a disputed issue of fact, a trial *on the first phase alone* would presumably occur in mid-2016. In the event that the finder of fact determines the Plaintiff owes a duty to defend, the parties would then conduct Phase II, again presumably seeking a standard discovery/dispositive motion schedule that would take the case to 2017, with a trial possibly late that year, making the case more than four and one-half years old. Under no circumstances can this be viewed as efficient or inexpensive.

Second, both the duty to defend and the duty to indemnify involve interpretation of the contract of insurance, as applied to the facts of the case. Thus, much of the same evidence will be presented for both phases. I do not believe it would be an efficient use of the Court's resources to interpret the same contract on two different occasions for two different purposes, especially since the issues of duty to defend and duty to indemnify are significantly related.

Third, the Court should consider the fact that on a consistent, year-to-year basis, only one percent of the cases filed in this District result in a trial. It is a statistically significant probability that this case will settle. In that event, assisting the parties in being fully informed of one another's case through litigation of the entire lawsuit in one proceeding is in the interests of efficiency and justice.

I do not disagree that the parties will spend less through August 2015 by litigating only the proposed Phase I rather than the case as a whole but, when viewed in its entirety, fewer resources (both the Court's and private) will be expended by litigating both the duty to defend and the duty to indemnify at the same time rather than separately, and this case will be most certainly litigated in a more reasonable timeframe.

For the foregoing reasons, I respectfully recommend that the Joint Motion to Bifurcate Pursuant to FRCP 42(b) [filed January 29, 2015; docket # 69] be **denied**.[1]

---

[1] Be advised that all parties shall have fourteen (14) days after service hereof to serve and file any written objections in order to obtain reconsideration by the District Judge to whom this case is assigned. Fed. R. Civ. P. 72. The party filing objections must specifically identify those findings or recommendations to which the objections are being made. The District Court need not consider frivolous, conclusive or general objections. A party's failure to file such written objections to proposed findings and recommendations contained in this report may bar the party from a de novo determination by the District Judge of the proposed findings and recommendations. *United States v. Raddatz*, 447 U.S. 667, 676-83 (1980); 28 U.S.C. § 636(b)(1). Additionally, the failure to file written objections to the proposed findings and recommendations within fourteen (14) days after being served with a copy may bar the aggrieved party from appealing the factual findings of the Magistrate Judge that are accepted or adopted by the District Court. *Thomas v. Arn*, 474 U.S. 140, 155 (1985); *In re Garcia*, 347 F. App'x 381, 382-83 (10th Cir. 2009).

Entered and dated at Denver, Colorado, this 6th day of February, 2015.

BY THE COURT:

*Michael E. Hegarty*

Michael E. Hegarty
United States Magistrate Judge