IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 13-cv-00560-REB-MEH

ACE AMERICAN INSURANCE COMPANY,

    Plaintiff,

v.

DISH NETWORK, LLC,

    Defendant.

---

**ORDER RE: MOTION TO EXCLUDE**

---

**Michael E. Hegarty, United States Magistrate Judge**.

    Before the Court is Plaintiff's Motion to Exclude Dish's Belatedly Disclosed Expert George Biehl [filed May 29, 2015; docket #82]. The motion is referred to this Court for disposition (docket #86). For the following reasons, the Court **denies** the motion, but will permit the Plaintiff to have additional limited discovery as set forth below.

**I.**    **Background**

    Plaintiff Ace American Insurance Co. ("Ace") initiated this action for declaratory judgment on March 4, 2013 against Defendant Dish Network, LLC ("Dish"). Ace then filed an Amended Complaint as a matter of course on May 3, 2013, seeking a determination that it has no obligation to pay expenses incurred in the defense of underlying lawsuits pursuant to applicable insurance policies. (Docket #12.) Dish responded to the Amended Complaint by filing a Motion to Dismiss for this Court's lack of jurisdiction on June 21, 2013; at the parties' request, discovery was stayed pending resolution of Dish's motion. (Docket #32.) On March 3, 2014, the Honorable Robert E. Blackburn adopted this Court's recommendation to grant in part and deny in part the motion and

dismissed Count 2 of the Amended Complaint. (Docket #44.) Thereafter, Dish filed an Answer and Counterclaim (docket #48) to which Ace responded with an Answer (docket #49).

This Court then set the matter for a Scheduling Conference to be held on May 29, 2014; at the conference, the parties informed the Court that they believed all issues remaining in the case could be resolved on summary judgment; accordingly, the Court issued a scheduling order setting only a status conference for July 10, 2014. (Dockets ##51, 52.) However, at the July 10 conference, the parties determined that discovery would be necessary, so the Court set all discovery deadlines, conference dates, and the trial before Judge Blackburn. (Docket #58.)

Again, at the request of the parties, this Court held a status conference on February 23, 2015 at which the parties requested extensions of the discovery deadlines. (Docket #80.) That same day, this Court issued a recommendation that Judge Blackburn grant the parties' request to modify the Scheduling Order, which allowed discovery to proceed first on the duty to defend claim, then later to proceed (if necessary, after a ruling on a forthcoming motion for summary judgment) on the duty to indemnify claim. (Docket #81.) That recommendation remains pending before Judge Blackburn.

On May 29, 2015, Ace filed the present motion arguing that Dish's designated "rebuttal" expert is actually an "initial" expert improperly disclosed on May 11, 2015 after the initial expert deadline of April 7, 2015. Ace contends that Dish's expert, George Biehl, did not attempt to address the primary basis for Ace's expert's opinion (applicability or operation of state statutes to Ace with respect to policies it issued to Dish) and, instead, opined as to the "'standard of care' and 'usual business practices' of insurers in the issuance and renewal of policies generally, without regard to statutory requirements." Motion, docket #82 at 3 (emphasis in original). Ace concludes that, because Mr. Biehl did not discuss in his report or deposition testimony the applicability of, or Ace's

obligations under, the state statutes, he should be characterized as an initial expert and, because his report was submitted on the date discovery closed, Ace is prejudiced and the report should be stricken as untimely. *Id.* at 4-6.

Dish counters that it properly designated Mr. Biehl as a rebuttal expert where Ace's expert opined that Ace's policies were "new" policies and Ace was not obliged to notify Dish of any reductions of coverage that are required in connection with "renewal" policies; Mr. Biehl then rebutted the opinion by asserting that, in the custom and practice of the insurance industry, any policy issued after the first was a "renewal" policy and, thus, Ace was obliged to notify Dish of any reductions of coverage. Response, docket #106 at 2. Dish argues that Ace's expert improperly inserted legal conclusions in his report and it is these improper conclusions Ace claims Mr. Biehl failed to rebut. *Id.* at 3-4.

Ace replies that Mr. Biehl's opinions concerning the standards of care and usual business practices of the insurance industry are "entirely new" and Ace is "inherently prejudiced" because it was afforded no opportunity to rebut Mr. Biehl's report before it was included in Dish's motion for summary judgment.

## II.    Discussion

Ace brings its motion pursuant to Rule 37(c), which states in pertinent part:

> If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless.

Fed. R. Civ. P. 37(c)(1). "The court has 'broad discretion' to determine whether to allow the late designation of experts and 'need not make explicit findings concerning the existence of a substantial justification or the harmlessness of a failure to disclose.'" *Martinez v. Target Corp.*, 384 F. App'x

3

840, 847 (10th Cir. 2010) (quoting *Woodworker's Supply, Inc. v. Principal Mut. Life Ins. Co.*, 170 F.3d 985, 993 (10th Cir.1999)); *see also Orjias v. Stevenson*, 31 F.3d 995, 1005 (10th Cir.), *cert. denied*, 513 U.S. 1000 (1994) ("The imposition of sanctions for abuse of discovery under Fed. R. Civ. P. 37 is a matter within the discretion of the trial court."). A district court abuses its discretion if the exclusion of testimony results in fundamental unfairness in the trial of the case. *Orjias v. Stevenson*, 31 F.3d 995, 1005 (10th Cir. 1994) (citing *Smith v. Ford Motor Co.*, 626 F.2d 784, 794 (10th Cir. 1980)).

Fed. R. Civ. P. 26(a)(2)(B) requires in part that an expert report contain "a complete statement of all opinions the witness will express and the basis and reasons for them; ...." If the expert testimony is intended solely to contradict or rebut evidence on the same subject matter identified by the opposing party pursuant to the rule, the evidence should be disclosed within thirty days after the other party's disclosure, absent a court order or stipulation. Fed. R. Civ. P. 26(a)(2)(D)(ii). Here, the recommended[1] Scheduling Order set the deadline for rebuttal expert disclosures on May 4, 2015. Docket #81.

Nevertheless, the purpose of expert disclosures is "to eliminate surprise and provide opposing counsel with enough information ... to prepare efficiently for deposition, any pretrial motions and trial." *Cook v. Rockwell Int'l Corp.*, 580 F. Supp. 2d 1071, 1121-22 (D. Colo. 2006), *cited with approval in Dahlberg v. MCT Transp., LLC*, 571 F. App'x 641, 648 (10th Cir. 2014).

Here, it is undisputed that Dish disclosed Mr. Biehl's opinions well before the trial date set

---

[1]On February 23, 2015, this Court issued a recommendation to the Honorable Robert E. Blackburn that the parties be permitted to bifurcate discovery on the duty to defend and duty to indemnify claims. Docket #81. That recommendation remains pending, but the parties apparently have relied on it in proceeding with the case. Notably, on July 10, 2015, Judge Blackburn approved a stipulation filed by the parties for an extension of time based on dates proposed in the recommendation. Docket #119.

forth in the recommended Scheduling Order. *See ABB Air Prejeater, Inc. v. Regenerative Envtl. Equip. Co., Inc.,* 167 F.R.D. 668, 672 (D.N.J. 1996) (denying motion to strike untimely rebuttal expert disclosure). Furthermore, no one disputes that Dish has complied fully with the disclosure requirements of Rule 26(a)(2)(B). Thus, the questions here are whether Mr. Biehl should have been designated as an initial expert and, if so, whether the Court should strike Mr. Biehl's opinion as untimely.

In this case, the Court finds it matters not whether Mr. Biehl is designated an "initial expert" because, even if his disclosure was late, there is no harm to Ace. In coming to this conclusion, the Court finds guidance in the Tenth Circuit's opinion in *Jacobsen v. Deseret Book Co.,* 287 F.3d 936 (10th Cir. 2002). The *Jacobsen* court noted that "Rule 37(c) permits a district court to refuse to strike expert reports and allow expert testimony even when the expert report violates Rule 26(a) if the violation is justified or harmless." *Id.* at 952. In determining whether a violation is harmless, a trial court must consider the following:

> (1) the prejudice or surprise to the party against whom the testimony is offered; (2) the ability of the party to cure the prejudice; (3) the extent to which introducing such testimony would disrupt the trial; and (4) the moving party's bad faith or willfulness.

*Id.* at 953 (citing *Woodworker's Supply, Inc.*, 170 F.3d 985 at 993).

Here, Ace claims prejudice in that it is precluded from offering an expert opinion to rebut Mr. Biehl's report. Interestingly, the Court notes that Mr. Biehl was disclosed on May 11, 2015, not only the discovery cutoff date but also one week *after* the rebuttal expert deadline of May 4, 2015. *See* docket #83-2. Ace does not challenge this delay and, based upon its findings below, the Court will not address it.

Rather, Ace specifically references the dispositive motions that have been recently filed by the parties; the Court notes, however, that Dish neither cited to nor mentioned Mr. Biehl's opinions

in its summary judgment motion. *See* docket #102. Moreover, Ace had the opportunity to depose Mr. Biehl before the deadline for its response to Dish's summary judgment motion. Docket #114 at 4-16. Nevertheless, to the extent Ace claims prejudice from the inability to "offer[ ] contrary testimony to Mr. Biehl's opinion about the appropriate industry standards of care and usual business practices expected of an insurer in this situation" (docket #113 at 7), any such prejudice is easily cured by granting Ace additional time within which to designate a surrebuttal expert. Dish proffered no argument as to any prejudice claimed by Ace.

Accordingly, in this matter, the Court finds there is adequate time before the recommended trial date in March 2016 to allow Ace to designate a surrebuttal expert without disrupting the trial. Further, the Court perceives no bad faith nor willfulness on the part of Ace in moving for relief or of Dish in disclosing Mr. Biehl on May 11, 2015.

### III. Conclusion

Accordingly, for the reasons stated above, the Court **denies** the Plaintiff's Motion to Exclude Dish's Belatedly Disclosed Expert George Biehl [filed May 29, 2015; docket #82], but permits Ace to designate a surrebuttal expert to address only "Mr. Biehl's opinion about the appropriate industry standards of care and usual business practices expected of an insurer in this situation." Ace shall designate this surrebuttal expert on or before August 14, 2015. Dish may depose the surrebuttal expert no later than August 31, 2015.

Dated at Denver, Colorado, this 17th day of July, 2015.

BY THE COURT:

*Michael E. Hegarty*

Michael E. Hegarty
United States Magistrate Judge