IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn

Case No. 13-cv-00560-REB-MEH

ACE AMERICAN INSURANCE COMPANY,

    Plaintiff,

v.

DISH NETWORK, LLC,

    Defendant.

## ORDER CONCERNING MOTIONS TO BIFURCATE, STAY, & CONTINUE TRIAL

**Blackburn, J.**

This matter is before me on the following: (1) **Defendant Dish Network L.L.C.'s Motion To Stay or Transfer and Supporting Memorandum of Law** [#92][1] filed June 5, 2015; (2) the **Stipulated Motion To Continue Trial and Modify Scheduling Order** [#148] filed September 29, 2015; and (3) the **Renewed Motion To Bifurcate Pursuant To FRCP 42(b) and To Administratively Stay Indemnity-Related Claims** [#162] filed December 29, 2015.  Concerning [#92], a response [#111] and reply [#117] were filed. Concerning [#162], a response [#165] and reply [#166] were filed.  I deny the motion to stay or transfer, grant the motion to continue, and grant in-part and deny in-part the motion to bifurcate and stay.

This is an action for declaratory judgment brought by the plaintiff, Ace American Insurance Company, seeking a determination that it has no duty to defend and,

---

[1] "[#92]" is an example of the convention I use to identify the docket number assigned to a specific paper by the court's case management and electronic case filing system (CM/ECF). I use this convention throughout this order.

concomitantly, no duty to indemnify the defendant insured, Dish Network, LLC, in an underlying lawsuit. The underlying lawsuit is pending in the United States District Court for the District of Illinois. Currently, under a reservation of rights, Ace is paying some, but not all, of requested defense costs in the underlying case.

The underlying lawsuit is not yet resolved. The parties agree that resolution of the duty to indemnify claims properly should await resolution of the underlying lawsuit. However, there is no reason the duty to defend claims cannot be resolved now. Discovery concerning the duty to defend claims is complete, and the parties have fully briefed their cross-motions for summary judgment on the duty to defend claims.

Depending on the resolution of the underlying case, it may or may not be necessary to resolve the duty to indemnify claims in the above-captioned case. Resolution of the underlying lawsuit will inform the duty to indemnify claims in this case. Based on the need for a resolution of the underlying litigation, the parties agree that resolution of the duty to indemnify claims should be stayed until after the underlying litigation is resolved fully. I agree.

I have considered the arguments of the defendant in support of a transfer of this case to the United States District Court for the Central District of Illinois, as stated in its motion for stay or transfer [#92], as well as the arguments asserted in the response [#111] and reply [#117]. I am not persuaded by the contention of the defendant, as asserted in this motion, that this case should be stayed. Further, applying the standards relevant to a transfer under 28 U.S.C. § 1404, I find and conclude that a transfer of this case is not merited. **See Chrysler Credit Corp. v. Country Chrysler, Inc.**, 928 F.2d 1509, 1515 (10th Cir. 1991).

Previously, the court concluded that a trial in this case properly should include both the duty to defend and the duty to indemnify claims, if trial on both classes of claims proves to be necessary. However, trial on the duty to indemnify claims is, at this point in time, premature. Currently, trial in this case is set to begin March 14, 2016. The parties agree that it is unlikely the underlying litigation will be resolved fully before March 14, 2016. Thus, a trial of the above-captioned case beginning on March 14, 2016, is not practicable. I continue to find and conclude that, if a trial proves to be necessary, a joint trial of both the duty to defend and the duty to indemnify claims is the most efficient approach. To the extent the plaintiff seeks in its motion to bifurcate [#162] trials of these two classes of claims, I deny that motion.

The United States Court of Appeals for the Tenth Circuit has outlined four primary factors that should be considered to determine if a continuance is necessary. *See, e.g., Morrison Knudsen Corp. v. Fireman's Fund Ins. Co.*, 175 F.3d 1221, 1230 (10th Cir. 1999) (citing *U.S. v. West*, 828 F.2d 1468, 1469 (10th Cir. 1987) (listing factors)). The key relevant factors are

> (1) the diligence of the party requesting the continuance; (2) the likelihood that the continuance, if granted, would accomplish the purpose underlying the party's expressed need for the continuance; (3) the inconvenience to the opposing party, its witnesses, and the court resulting from the continuance; [and] (4) the need asserted for the continuance and the harm that [movant] might suffer as result of the district court's denial of the continuance.

*United States v. Rivera*, 900 F.2d 1462, 1475 (10th Cir. 1990) (quoting *United States v. West*, 828 F.2d 1468, 1470 (10th Cir. 1987)).[2]

---

[2] In my civil practice standards, I specify that a motion to continue shall be determined pursuant to, *inter alia*, the *West* factors. *See* REB Civil Practice Standard II.F.2.

Applied to the present case, these factors augur toward a continuance of the trial and the combined Final Pretrial Conference and Trial Preparation Conference. There is no indication that counsel for either of the parties, or the parties themselves, have not been diligent. A continuance, if granted, will permit resolution of the underlying litigation. Resolution of the underlying litigation will permit efficient resolution of the duty to indemnify claims in this case, if such a resolution proves to be necessary.

In sum, the court will resolve the currently pending motions for summary judgment addressing the duty to defend claims. Then, the court will close this case administratively with the duty to indemnify claims unresolved. Once the underlying litigation is resolved, either party may move to re-open this case to permit a resolution, if necessary, of the duty to indemnify claims in this case.

**THEREFORE, IT IS ORDERED** as follows:

1. That **Defendant Dish Network L.L.C.'s Motion To Stay or Transfer and Supporting Memorandum of Law** [#92] filed June 5, 2015, is denied;

2. That the **Stipulated Motion To Continue Trial and Modify Scheduling Order** [#148] filed September 29, 2015, is granted to the extent that the currently scheduled trial in this case is continued;

3. That the combined Final Pretrial Conference and Trial Preparation Conference set for February 26, 2016, and the trial set to begin March 14, 2016, are vacated and continued without date, pending further order;

4. That the **Renewed Motion To Bifurcate Pursuant To FRCP 42(b) and To Administratively Stay Indemnity-Related Claims** [#162] filed December 29, 2015, is denied to the extent the plaintiff seeks separate trials of the duty to defend claims and the duty to indemnify claims; and

4


5.  That the **Renewed Motion To Bifurcate Pursuant To FRCP 42(b) and To Administratively Stay Indemnity-Related Claims** [#162] filed December 29, 2015, is granted to the extent the plaintiff seeks an administrative closure of this case once the pending cross-motions for summary judgment are resolve.

Dated February 18, 2016, at Denver, Colorado.

**BY THE COURT:**

*Bob Blackburn*
Robert E. Blackburn
United States District Judge